```
 1  McGREGOR W. SCOTT
    United States Attorney               FILED
 2  BENJAMIN B. WAGNER
    COURTNEY J. LINN                     JUN 1 2 2008
 3  Assistant U.S. Attorneys
    501 I Street, Ste 10-100             CLERK, U.S. DISTRICT COURT
 4  Sacramento, CA 95814                 EASTERN DISTRICT OF CALIFORNIA
    Telephone (916) 554-2700             BY
 5                                          _____
                                                DEPUTY CLERK
 6

 7

 8          IN THE UNITED STATES DISTRICT COURT

 9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,    )
                                 )  CR. NO. S- 2:08-cr-0269 EJG
12           Plaintiff,          )
                                 )  VIOLATIONS: 18 U.S.C. § 1341 -
13      v.                       )  Mail Fraud (6 counts); 18 U.S.C.
                                 )  § 1956(h) - Money Laundering
14  JOEL BLANFORD,               )  Conspiracy (1 count); 28 U.S.C. §
                                 )  2461(c), and 18 U.S.C. §
15           Defendant.          )  982(a)(1) - Criminal Forfeiture
                                 )
16  _____)

17

18                    I N D I C T M E N T

19  COUNTS ONE THROUGH SIX:   [18 U.S.C. § 1341 - Mail Fraud]

20      The Grand Jury charges:

21                      JOEL BLANFORD,

22  defendant herein, as follows:

23                  I.   INTRODUCTION

24      1.   At all relevant times alleged in this Indictment

25  defendant JOEL BLANFORD resided in Contra Costa County,

26  California.

27      2.   At all relevant times alleged in this Indictment, Long

28  Beach Mortgage was a wholesale lender of money to purchasers of
```

1  residential real property in the Stockton, California area and
2  elsewhere. Long Beach Mortgage handled subprime loans, that is,
3  loans made to borrowers who represent a higher level of risk to
4  the lender than borrowers who qualify for the best available (or
5  "prime") mortgage loan rates. From October 1999 through early
6  2006, Long Beach Mortgage was owned by New American Capital,
7  which in turn was owned by Washington Mutual, Inc. In or about
8  March 2006, Long Beach Mortgage became an operational subsidiary
9  of Washington Mutual F.A. "Long Beach Mortgage" hereinafter
10 refers both to Long Beach Mortgage and Washington Mutual F.A.
11       3.   Defendant JOEL BLANFORD was employed by Long Beach
12 Mortgage from approximately August 1992 through December 2007 in
13 its Pleasanton and Dublin, California offices. Effective in or
14 about 1996, through the end of his employment in December 2007,
15 the defendant was employed as a sales representative responsible
16 for, among other things, promoting and selling Long Beach
17 Mortgage's subprime loan products to mortgage brokers acting on
18 behalf of borrowers. In 2003, defendant BLANFORD participated in
19 originating approximately 825 loans, totaling approximately $160
20 million in value. In 2004, defendant participated in originating
21 approximately 875 residential real property loans, totaling
22 approximately $200 million in value. While employed as a sales
23 representative, the defendant JOEL BLANFORD's principal form of
24 compensation was commissions, which were based on a percentage of
25 the value of loan transactions handled by defendant JOEL BLANFORD
26 that Long Beach Mortgage funded. In each of the calendar years
27 2003, 2004, and 2005, BLANFORD received before taxes and payroll
28 deductions more than $1,000,000 in commissions and other

2

compensation from Long Beach Mortgage.

4. An individual known to the Grand Jury was employed by Long Beach Mortgage from approximately April 18, 2000 through May 9, 2006. Effective September 15, 2001, through the end of his employment, this individual was a Senior Loan Coordinator responsible for, among other things, validating and verifying loan application information submitted by or on behalf of residential real estate loan applicants (hereinafter this individual is referred to as the "Loan Coordinator"). In that capacity, the "Loan Coordinator" worked on loan transactions handled by defendant JOEL BLANFORD.

5. At all relevant times an individual known to the Grand Jury was a licensed real estate mortgage broker in California. During a period of time that included the years 2003 through early 2006, this individual operated a mortgage broker business (hereinafter this individual is referred to as the "Mortgage Broker"). As part of his business, the Mortgage Broker brokered loans secured by residential real property in the State and Eastern District of California, including loans funded by Long Beach Mortgage. During this period of time, the Mortgage Broker dealt with several Long Beach Mortgage employees, including defendant JOEL BLANFORD and the Loan Coordinator.

6. At all relevant times alleged in this Indictment an individual known to the Grand Jury resided in Stockton, California. On or about April 23, 2003, this individual and his spouse formed a company. Between in or about 2003 through in or about at least August 2005, this company sold numerous properties in the Stockton, California area to purchasers who funded their

3

purchases with loans obtained through Long Beach Mortgage. This company known to the Grand Jury is hereinafter referred to as the "Real Estate Investment Company."

## II. THE SCHEME TO DEFRAUD

7. Beginning at a time not known to the Grand Jury, but no later than on or about April 1, 2003, and continuing until on or about October 31, 2005, in the State and Eastern District of California and elsewhere, defendant JOEL BLANFORD and others known and unknown to the Grand Jury did knowingly devise and intend to devise a scheme and artifice to defraud Long Beach Mortgage in a material matter and to obtain property by means of materially false and fraudulent pretenses, representations and promises. As the result of the fraud, defendant JOEL BLANFORD obtained compensation, including commissions, from Long Beach Mortgage to which he was not entitled.

## III. WAYS AND MEANS

8. The ways and means by which the mail fraud scheme was perpetrated included the following:

9. Between in or about April 2003 and in or about January 2005, and in connection with the funding of loans to purchase certain real property sold by I & R and others, defendant JOEL BLANFORD paid the Loan Coordinator to falsify documents, to provide false verification of borrowers' employment or professional licensing status, and to turn a blind eye to fraudulent representations contained in loan applications and other documents submitted to Long Beach Mortgage as part of the loan application and funding process. In connection with these loan transactions, defendant JOEL BLANFORD acted as the sales

representative, the Loan Coordinator acted as the loan coordinator, and the Mortgage Broker acted as the mortgage broker.

10. These fraudulent real estate loan transactions involving JOEL BLANFORD, the Loan Coordinator, and the Mortgage Broker included those that funded the purchase of residential real properties in the Stockton and San Joaquin County area, including, but not limited to, the following properties:

| Property Address | Buyer |
|---|---|
| 2503 N. Oregon Street, Stockton, California | Gonzalo Z. |
| 729 E. Sonora Street, Stockton, California | Roberto A. |
| 952 N. Solari Street, Stockton, California | Manpreet S. |
| 1306 S. American Street, Stockton, California | Manpreet S. |
| 14282 Harlan Road, Lathrop, California | Ramiro S. |
| 2630 S. Lincoln Street, Stockton, California | Salvador C. |

11. As part of the scheme for which he and others paid the Loan Coordinator, defendant JOEL BLANFORD caused the Loan Coordinator to create false documents used by Long Beach Mortgage in connection with its decision to fund residential real properties loans. False documents created by the Loan Coordinator included the following items:

    a. Comcast Account Summary dated January 3, 2005 contained in Long Beach Mortgage loan file 6372867-

5

7917, referencing a loan funding Robert A.'s purchase of 729 E. Sonora, Stockton, CA from the Real Estate Investment Company on or about January 11, 2005.

b.  Letter from SBC regarding service history for Robert A. contained in Long Beach Mortgage loan file 6372867-7917, referencing a loan funding Roberto A.'s purchase of 729 E. Sonora, Stockton, CA from the Real Estate Investment Company on or about January 11, 2005.

c.  Comcast Account Summary dated December 27, 2004 contained in Long Beach Mortgage loan file 6367364-7917, referencing a loan funding Manpreet S.'s purchase of 1306 S. American Street, Stockton, CA from the Real Estate Investment Company on or about January 13, 2005.

d.  Comcast Account Summary dated September 27, 2004 contained in Long Beach Mortgage loan file 6313235-7917, referencing a loan funding Manpreet S.'s purchase of 952 N. Solari Avenue, Stockton, CA from the Real Estate Investment Company on or about September 30, 2004.

e.  W-2 Wage and Tax Statement for 2003 containing false employment information Salvador C. contained in loan file 6329259-7917, referencing Salvador C.'s purchase of 2630 S. Lincoln Street, Stockton, CA from the Real Estate Investment Company on or about October 26, 2004.

f.  Wells Fargo Bank Request for Verification of Deposit dated December 22, 2003 for Ramiro S. contained in Long Beach Mortgage loan file 6030068-7917,

|  |  |
|---|---|
| 1 | referencing Ramiro S.'s purchase of 14282 Harlan Road, |
| 2 | Lathrop, CA from the Real Estate Investment Company or |
| 3 | about December 18, 2003. |

12. As part of the scheme, and with JOEL BLANFORD's knowledge and consent, the Loan Coordinator falsely verified employment and professional licensing information of loan applicants who sought and obtained residential real property loans from Long Beach Mortgage. False verifications created by the Loan Coordinator included:

    a. On or about July 30, 2003, the Loan Coordinator falsely verified that an individual named Gonzalo Z. was a licensed contractor in connection with Long Beach Mortgage loan file 5675228-7917, referencing Gonzalo Z.'s purchase of 2503 N. Oregon, Street, Stockton, CA; and

    b. On or about January 5, 2005, the Loan Coordinator falsely verified that an individual named Manpreet S. was a licensed manicurist in connection with Long Beach Mortgage loan file 6367364-7917, referencing Manpreet S.'s purchase of 1306 S. American Street, Stockton, CA.

13. In exchange for his participation in the fraudulent scheme, which scheme included the funding of loans connected to the real property transactions described in paragraph 10 above, the Loan Coordinator received periodic payments from defendant JOEL BLANFORD and the Mortgage Broker in the form of cash and checks. From on or about April 2003 through at least October 2005, JOEL BLANFORD periodically paid the Loan Coordinator predominately in currency, and also paid him more than $54,000 by

means of check or wire transfer.

## IV. THE MAILINGS

14. On or about the dates set forth below, in the Eastern District of California, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, defendant JOEL BLANFORD did knowingly cause to be transmitted by mail, according to the directions provided, the writing or writings specified below:

| COUNT | APPROXIMATE DATE | SENDER | RECIPIENT | WHAT WAS SENT | BORROWER |
|---|---|---|---|---|---|
| 1 | 07/31/03 | San Joaquin County Recorders Office | Long Beach Mortgage | Deed of Trust re: 2503 N. Oregon Street, Stockton | Gonzalo Z. |
| 2 | 10/26/04 | San Joaquin County Recorders Office | Long Beach Mortgage | Deeds of Trust re: 952 N. Solari, Stockton | Manpreet S. |
| 3 | 1/14/05 | San Joaquin County Recorders Office | Long Beach Mortgage | Deed of Trust re: 1306 S. American, Stockton | Manpreet S. |
| 4 | 1/18/05 | San Joaquin County Recorders Office | Long Beach Mortgage | Deed of Trust re: 729 E. Sonora, Stockton | Robert A. |
| 5 | 12/24/03 | San Joaquin County Recorders Office | Long Beach Mortgage | Deed of Trust re: 14282 Harlan Road, Lathrop, California | Ramiro S. |
| 6 | 10/29/04 | San Joaquin County Recorder's Office | Long Beach Mortgage | Deed of Trust re: 2630 S. Lincoln Street, Stockton, California | Salvador C. |

All in violation of Title 18, United States Code, Sections 1341 and 2.

COUNT SEVEN: [18 U.S.C. § 1956(h) - Money Laundering Conspiracy]

The Grand Jury further charges:

JOEL BLANFORD,

defendant herein, as follows:

    I.   THE MONEY LAUNDERING CONSPIRACY.

1. The allegations contained in paragraphs one through six and nine through thirteen of Counts One through Six of this Indictment are realleged and incorporated herein, as if fully set forth.

2. Beginning and ending at a time not known to the Grand Jury, but no later than on or about April 1, 2003 and continuing until on or about October 31, 2005, in the Eastern District of California and elsewhere, JOEL BLANFORD and the Loan Coordinator did knowingly combine, conspire, and agree with each other and with other persons known to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

    (a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is mail fraud in violation of 18 U.S.C. § 1341, with the intent to promote the carrying on of specified unlawful activity, that is mail fraud in violation of 18 U.S.C. § 1341, and that while conducting and attempting to conduct such financial transaction knew that the property involved

|   |   |
|---|---|
| 1 | in the financial transaction represented the proceeds |
| 2 | of some form of unlawful activity in violation of Title |
| 3 | 18, United States Code, Section 1956(a)(1)(A)(i); and |
| 4 | (b) to knowingly conduct and attempt to conduct |
| 5 | financial transactions affecting interstate commerce |
| 6 | and foreign commerce, which transactions involved the |
| 7 | proceeds of specified unlawful activity, that is, mail |
| 8 | fraud in violation of 18 U.S.C. § 1341, knowing that |
| 9 | the transactions were designed in whole or in part to |
| 10 | conceal and disguise the nature, location, source, |
| 11 | ownership, and control of the proceeds of specified |
| 12 | unlawful activity, and that while conducting and |
| 13 | attempting to conduct such financial transactions, knew |
| 14 | that the property involved in the financial |
| 15 | transactions represented the proceeds of some form of |
| 16 | unlawful activity, in violation of Title 18, United |
| 17 | States Code, Section 1956(a)(1)(B)(i). |

II.  **WAYS AND MEANS**.

3.  At all relevant times, defendant JOEL BLANFORD maintained, either separately or jointly, numerous bank accounts at Washington Mutual Bank, F.A., including an account bearing the number XXX-XXX872-9. Beginning at a time not known to the Grand Jury, but no later than April, 2003, defendant JOEL BLANFORD received regular direct deposits into account number XXX-XXX872-9 from Long Beach Mortgage. Such deposits constituted compensation that defendant JOEL BLANFORD received from Long Beach Mortgage, including commissions earned on fraudulent residential real

///

property loan transactions, which commissions represented profits from the scheme.

4. In furtherance of the money laundering conspiracy, defendant JOEL BLANFORD caused several checks to be drawn on accounts that he controlled, including account number XXX-XXX872-9 and made payable to the Loan Coordinator. These checks from this account include the following:

    a. Check #1542 made payable to the Loan Coordinator dated on or about July 2, 2004 in the amount of $6,000.00.

    b. Check #1570 made payable to the Loan Coordinator dated on or about August 2, 2004 in the amount of $4,500.00.

    c. Check #1729 made payable to the Loan Coordinator dated on or about January 4, 2005 in the amount of $6,900.00.

5. In furtherance of the money laundering conspiracy, defendant JOEL BLANFORD caused checks made payable to cash or to himself to be drawn on account number XXX-XXX872-9, and some or all of the currency obtained from these transactions to be paid to the Loan Coordinator. These transactions include numerous cash payments from BLANFORD to the Loan Coordinator between in or no later than in or about April 2003 through in or about January 2006.

All in violation of Title 18, United States Code, Section 1956(h).

<u>FORFEITURE ALLEGATION</u>: [18 U.S.C. § 981(a)(1)(C), 982, 28 U.S.C. § 2461(c) - Criminal Forfeiture]

1  The Grand Jury further charges:
2  1.  The allegations contained in Counts One through Seven of
3  this Indictment are realleged and incorporated herein, as if
4  fully set forth.
5  2.  As a result of the offenses alleged in Count One through
6  Six of this Indictment, defendant JOEL BLANFORD shall forfeit to
7  the United States, pursuant to Title 28 U.S.C. § 2461(c), all
8  property, real and personal, which constitutes or is derived from
9  proceeds traceable to said offense.  Said provision authorizes
10 criminal forfeiture in any matter for which Congress has provided
11 for civil forfeiture, including 18 U.S.C. § 981(a)(1)(C).
12 3.  As a result of the offense alleged in Count Seven of
13 this Indictment defendant JOEL BLANFORD shall forfeit to the
14 United States, pursuant to Title 18, United States Code, Section
15 982(a)(1), all property, real and personal, involved in said
16 offenses, and all property traceable to such property.
17 4.  The United States intends to forfeit property, including
18 but not limited to the sum of the money equal to the property
19 that constitutes, or is derived from, the proceeds from the
20 offenses described in paragraphs 2 and 3 above.  Such sum of
21 money is no less than $500,000.
22 5.  Pursuant to Title 21 U.S.C. § 853(p), as incorporated by
23 Title 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), if any property
24 described in paragraphs 2 through 3 above, as a result of any act
25 or omission of the defendant JOEL BLANFORD cannot be located upon
26 the exercise of due diligence; has been transferred, sold to or
27 ///
28 ///

1 deposited with a third party; has been placed beyond the
2 jurisdiction of the court; has been substantially diminished in
3 value; or has been commingled with other property which cannot be
4 divided without difficulty, it is the intent of the United States
5 to seek to forfeit substitute assets.
6     All in violation of Title 18, United States Code, Sections
7 981(a)(1)(C), 982 and Title 28, United States Code, Section
8 2461(c).

                          A TRUE BILL.

                    /s/ Signature on file w/AUSA
                          FOREPERSON

/s/ [signature]
McGREGOR W. SCOTT
United States Attorney

No.

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA
vs.

JOEL BLANFORD

### INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 1341 - Mail Fraud (6 counts); 18 U.S.C. § 1956 (h) - Money Laundering Conspiracy (1 count); 28 U.S.C. § 2461 (c), and 18 U.S.C. § 982 (a)(1) - Criminal Forfeiture

*A true bill,*

_____
*Foreman.*

*Filed in open court this* __12th__ *day*

*of* __June__, *A.D. 20* __08__

_____
*Clerk.*

**NO PROCESS NECESSARY**

*Bail, $* _____

GPO 863 525

## PENALTY SLIP

**Defendant:**   **JOEL BLANFORD**

**VIOLATIONS:**

**COUNTS 1-6:**   18 U.S.C. § 1341 - Mail Fraud
**PENALTY:**   Not more than $250,000.00 fine, or twice the gain or loss;
Not more than 20 years imprisonment, unless it affects a financial institution, then 30 years imprisonment; or both
3 year term of supervised release

**COUNT 7:**   18 U.S.C. § 1956(h) - Money Laundering Conspiracy
**PENALTY:**   Not more than $500,000.00 fine, or twice the value of the property involved in the transaction, whichever is greater
Not more than 20 years imprisonment, or both
3 year term of supervised release

**FORFEITURE ALLEGATION:**   28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) - Criminal Forfeiture
As Indicated in the Indictment

**SPECIAL ASSESSMENT:**   $100.00 each count