```
 1
 2
 3
 4
 5
 6
 7
 8                       UNITED STATES DISTRICT COURT
 9                      EASTERN DISTRICT OF CALIFORNIA
10                              ----oo0oo----
11  UNITED STATES OF AMERICA,
12          Plaintiff,              CR. NO. 07-386 WBS KJM
13  vs.
14  IFTIKHAR AHMAD, JOSE SERRANO,
    and MANPREET SINGH,             RELATED CASE ORDER
15
            Defendants.
16  _____/
17
    UNITED STATES OF AMERICA,
18
            Plaintiff,              CR. NO. 07-545 WBS KJM
19
    vs.
20
    JOHN NGO,
21
            Defendant.
22  _____/
23
    UNITED STATES OF AMERICA,
24
            Plaintiff,              CR. NO. 08-269 WBS KJM
25
    vs.
26
    JOEL BLANFORD,
27
            Defendant.
28  _____/
```

```
 1   UNITED STATES OF AMERICA,
 2           Plaintiff,                CR. NO. 08-275 WBS KJM
 3   vs.
 4   WILLIAM T. BRIDGE,
 5           Defendant.
 6   _____/
 7   UNITED STATES OF AMERICA,
 8           Plaintiff,                CR. NO. 08-277 DAD
 9   vs.
10   PAUL BRIDGE,
11           Defendant.
12   _____/
```

        On June 24, 2008, this court ordered that the first four cases listed above be related and assigned to the undersigned judge and Magistrate Judge Kimberly J. Mueller. Examination of the fifth case reveals that it too is related within the meaning of Local Rule 83-123(a) because it arises from the same investigation and involves overlapping transactions and events as in the first four cases. E. Dist. of Cal. Local R. 83-123(a). Accordingly, the assignment of all five matters to the same judge is likely to effect a substantial saving of judicial effort and is also likely to be convenient for the parties.

        The parties should be aware that relating the cases under Local Rule 83-123 merely has the result that both actions are assigned to the same judge; no consolidation of the actions is effected. Under the regular practice of this court, related cases are generally assigned to the judge and magistrate to whom

the first filed action was assigned.

       IT IS THEREFORE ORDERED that the action denominated <u>United States v. Bridge</u>, Cr. No. 08-277 DAD, be, and the same hereby is, deemed related to the cases denominated <u>United States v. Ahmad et al.</u>, Cr. No. 07-386 WBS KJM, <u>United States v. Ngo</u>, Cr. No. 07-545 WBS KJM, <u>United States v. Blanford</u>, Cr. No. 08-269 WBS KJM, and <u>United States v. Bridge</u>, Cr. No. 08-275 WBS KJM.[1]  The case denominated <u>United States v. Bridge</u>, Cr. No. 08-277 DAD, shall be assigned to Honorable WILLIAM B. SHUBB and be reassigned to Magistrate Judge Kimberly J. Mueller.  Any dates currently set in the reassigned case <u>only</u> are hereby VACATED. Henceforth, the caption on documents filed in the reassigned case shall be shown as <u>United States v. Bridge</u>, Cr. No. 08-0277 WBS KJM.

       IT IS FURTHER ORDERED that the Clerk of the Court make appropriated adjustment in the assignment of criminal cases to compensate for this reassignment.

DATED:  June 25, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] In its June 24, 2008 Order, the court mistakenly indicated that the four cases related in that Order would be shown as <u>United States v. Ahmad et al.</u>, Cr. No. 07-386 WBS KJM.  The court intended only to alter the designation of the assigned judge and magistrate judge; each case shall retain the party names and case numbers as indicated on the caption of this Order.